IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES NATHAN KELLUM,

    Defendant.

Case No. 99-CR-0091-002-JFH

USM No.: 07568-081

## OPINION AND ORDER

Before the Court is Defendant James Nathan Kellum's ("Defendant") second Motion for Reduction of Sentence ("Motion") filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Dkt. No. 71]. In his Motion, Defendant argues that several factors justify a reduction of sentence. He further requests appointment of counsel to assist in arguing his motion. The Court finds that Defendant has exhausted his administrative remedies, giving this Court jurisdiction to consider his Motion [*Id.*, at 5 and 7]. Further, the Court is apprised of the issues argued by Defendant and notes that, "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009) (quoting *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008)); *see also United States v. Little*, Case No. 14-195-KG, 2020 WL 2736944, at 1-2 (D.N.M. May 26, 2020) (denying motion for appointed counsel of defendant seeking compassionate release). For the reasons set forth below, Defendant's Motion [Dkt. No. 71] is DENIED.

## BACKGROUND

On October 6, 1999, Defendant plead guilty to Counts 1, 2, 3, and 5 of the Indictment, charging Carjacking and Aiding & Abetting, in violation of 18 U.S.C. §§ 2119 and 2 (Count 1);

1

Use of Firearms During a Crime of Violence and Aiding & Abetting, in violation of 18 U.S.C. §§ 924(c) and 2 (Count 2); and Interference with Interstate Commerce, in violation of 18 U.S.C. § 1951 (Counts 3 and 5). On January 14, 2000, United States District Judge Sven Erik Holmes sentenced Defendant to an imprisonment term of 332 months, consisting of 236 months as to each of Counts 3 and 5, and 180 months as to Count 1, said counts to run concurrently, each with the other; and 96 months as to Count 2, said term to run consecutively to the sentences imposed in Counts 1, 3, and 5. The Court further imposed a five-year term of supervised release, ordered restitution totaling $326.54, and imposed a $2,000 fine. In June 2021, Defendant filed a Motion for Reduction of Sentence citing various factors, which this Court denied. *See* Dkt. No. 70, pp. 4 – 8. Defendant is currently imprisoned at FCI Yazoo City-Low. His presumptive release date is July 23, 2025.

## STANDARD OF LAW

The Tenth Circuit has adopted a three-step test for considering motions for compassionate release. *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). The first step requires the Court to determine, at its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. *Id*. The second step requires that the Court find whether such reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. *Id*. The third step requires the Court to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction authorized by steps one and two is warranted under the particular circumstances of the case. *Id*. The Court must address all three steps when granting such motion. *Maumau*, 993 F.3d at 831, n.4 (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)). However, at step two, "the Sentencing Commission's existing policy statement is applicable only

to motions filed by the Director of the BOP, and not to motions filed directly by defendants." *Maumau*, 993 F.3d at 834. Thus, "USSG § 1B1.13 is not presently an 'applicable' policy statement that controls the definition of 'extraordinary and compelling reasons' when a prisoner initiates a § 3582(c)(1)(A) proceeding." *United States v. Carr*, 2012 WL 1400705, at *1 (10th Cir. Apr. 14, 2021). Although the Circuit Court found that at step two, USSG §1B1.13 was not applicable because the existing policy statement is applicable only to motions filed by the Director of the BOP, the Sentencing Commission revised §1B1.13 effective November 1, 2023, thereby rendering the policy statement applicable and controlling the definition of "extraordinary and compelling reasons" when a prisoner initiates a § 3582(c)(1)(A) proceeding. Further, when any of the three prerequisite steps are lacking, the Court may deny a compassionate release motion and does not need to address the other steps. Finally, if the Court finds that any of the three prerequisite steps are lacking, the Court may deny the compassionate release motion without addressing the additional steps. *Maumau*, 993 F.3d at 838 n.4. (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

## ANALYSIS

As to step one, the Court must determine, in its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. *Maumau*, 993 F.3d at 831. Defendant argues his young age when he committed the instant crimes justifies a reduction of sentence. This factor was argued in Defendant's previous motion [Dkt. No. 67, at 2]. The Court determined this factor did not form a basis for relief, finding that "[a] defendant's young age may be a sentencing factor if unusual and distinguishable from the typical case. *See* USSG §5H1.1. Defendant was 20 years old when he committed the instant crimes, an age not unique for the crimes committed, nor

3

divergent from a typical case." Dkt. No. 70, at 7. Defendant has provided no new argument or law that would alter this Court's previous ruling.

Next, Defendant argues that he has been imprisoned for 24 years and the length of sentence served provides a basis for reduction of sentence. As set out in *Maumau,* 993 F.3d at 838 (Tymkovich, J. concurring), cases rising to the level of extraordinary and compelling "should be relatively rare;" and the length of sentence alone is likewise insufficient to elicit a reduction, that a combination of factors, to include a defendant's unique circumstances is necessary to reach "extraordinary and compelling" circumstances justifying a sentence reduction. *See also United States v. Tomes,* 990 F.3d 500, 505 (6th Cir. 2021) (A long sentence, by itself, cannot be an "extraordinary and compelling" reason for sentence reduction.); *United States v. McGee,* 992 F.3d 1035, 1048 (10th Cir. Mar. 29, 2021) ("[O]nly ... the combination of such a sentence and a defendant's unique circumstances ... constitute 'extraordinary and compelling reasons' for purposes of § 3582(c)(1)(A)(i)."). Further, although USSG §1B1.13(b)(2) – Age of the Defendant and §1B1.13(b)(6) – Unusually Long Sentence, offer bases for relief, Defendant does not qualify because, although he has served over ten years of his term, he is not 65 years old and suffering from serious physical or mental deterioration due to age (subsection (b)(2)); and, although he has served over 10 years, there has been no change in the law producing a gross disparity between Defendant's sentence and a sentence he would receive if sentenced today (subsection (b)(6)).

Finally, Defendant argues that ineligibility of consideration under the First Step Act or Bureau of Prisons policies that offer early release to community-based programs forms a basis for relief. Defendant is not eligible for consideration under § 403 of the First Step Act's retroactive amendment of 18 U.S.C. § 924(c) because Defendant did not receive an enhanced sentence based on a prior § 924(c) conviction (PSR, at ¶ 85). Further, Bureau of Prisons (BOP) policy expressly

renders ineligible for early release any felony inmate whose offense "involved the carrying, possession, or use of a firearm...." 28 C.F.R. § 550.58(a)(1)(vi)(B). *See also* Program Statement No. 5162.04, which lists firearms convictions under § 924(c) as a crime of violence, and therefore ineligible for community-based designation. Ineligibility for favorable retroactive statutory penalties or BOP early release policies does not provide a basis for reduction of sentence. *See also* §1B1.13(a) and (b)(1) – (6).

Because the Court finds that Defendant's Motion fails at step one of its analysis, it will not consider the remaining steps. *See Maumau*, 993 F.3d at 838 n.4. (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Dkt. No. 71] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Appointment of Counsel [Dkt. No. 71] is DENIED.

Dated this 8th day of January 2024.

                                              JOHN F. HEIL, III
                                              UNITED STATES DISTRICT JUDGE